**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6454**

CHARLES ANDERSON,

   Plaintiff - Appellant,

  v.

JUSTIN MARTIN KATA, Attorney of Law; BARNEY GIESE, Attorney of Law; KELLY L. GIESE, Attorney of Law; BRONWYN K. MCELVEEN, State Attorney of Law; WILLIE MCFADDEN,

   Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Henry M. Herlong, Jr., Senior District Judge.  (3:20-cv-03354-HMH)

Submitted:  September 9, 2021     Decided:  September 14, 2021

Before MOTZ, KING, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Charles Spencer Anderson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Anderson seeks to appeal the district court's order adopting the magistrate judge's recommendation and dismissing Anderson's 42 U.S.C. § 1983 complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on January 12, 2021. Anderson filed the notice of appeal on February 12, 2021.[*] Because Anderson failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Anderson could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).